STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

**LINDA K. ROSENBLOOM and EDWARD LINDERMAN**

**Plaintiffss,**

**v.**

**COLORADO CASUALTY INSURANCE CO.**

**Defendant.**

**CV-2014-1536**
**Judge Darren M. Kugler**

# SUMMONS
# THE STATE OF NEW MEXICO

TO: Colorado Casualty Insurance Co.
c/o New Mexico Superintendent of Insurance
PO Box 1689
Santa Fe NM 87504-1689

GREETINGS:

You are hereby directed to serve a pleading or motion in response to the Complaint within thirty (30) days after service of this Summons, and file the same, all as provided by law.

You are notified that, unless you serve and file a responsive pleading or motion, the Plaintiff will apply to the Court for the relief demanded in the Complaint.

Attorneys for Plaintiff:
ANGEL LOMELI SAENZ, P.A.
Angel L. Saenz

Attorneys' addresses: 333 S. Campo St.
Las Cruces, NM 88001
(575) 526-3333

WITNESS the Honorable Darren M. Kugler, District Judge of the Third Judicial District Court of the State of New Mexico, and the seal of the District Court of said County, this 22nd day of July, 2014.

Court Clerk
M. Elena Hoyer, Deputy



# RETURN

STATE OF )
) ss.
COUNTY OF ______________ )

I, __________________, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the _______ day of _______________, 2014, by delivering a copy thereof with copies of the Complaint; Court Annexed Arbitration Certification and Order Requiring Scheduling Reports attached, in the following manner:

( ) To the Defendant ______________________ (used when Defendant received copy of Summons or refuses to receive Summons).

( ) To ________________, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant_________________.

( ) By posting a copy of the Summons and Complaint in the most public part of the premises of Defendant ________ _____________ (used if no person found at dwelling house or usual place of abode).

( ) To _________________ (parent)(guardian) of Defendant _________________ (used when Defendant is a minor or an incompetent person).

( ) To __________________ (name of person) _________ (title of person authorized to receive service)(used when Defendant is a corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

FEES:

___________________________
Signature of person making service

Subscribed and sworn to before me this _____ day of _______________, 2014.

My commission expires:

________________

___________________________
Judge, Notary or other officer authorized to administer oath

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
7/21/2014 9:55:15 AM
DISTRICT COURT CLERK
Veronica Carrasco

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT

LINDA K. ROSENBLOOM and
EDWARD LINDERMAN

Plaintiffss,

D-307-CV-2014-01536

v.

COLORADO CASUALTY INSURANCE CO.

Defendant.

**COMPLAINT FOR DAMAGES AND FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, UNFAIR TRADE PRACTICES AND PUNITIVE DAMAGES**

For their Complaint, Plaintiffs state:

**GENERAL ALLEGATIONS**

1. Plaintiffs Linda Rosenbloom and Edward Linderman are residents of Dona Ana County, State of New Mexico.

2. Upon information and belief Defendant Colorado Casualty Insurance Co., is a New Hampshire corporation authorized to do business and is doing business in the State of New Mexico.

3. This cause of action arises out of the transaction of business within this state; the operation of a motor vehicle upon the highways of this state; the commission of a tortious act within this state or the contracting to insure any bodily injury, person, property, underinsured motorists claims, or risk located within this state at the time of contracting.

4. On or about August 30, 2009, Plaintiff Linda Rosenbloom was involved in a motor vehicle accident in Las Cruces, County of Dona Ana, State of New Mexico. At the time

of this accident, Plaintiff Linda Rosenbloom was in a motor vehicle insured by Defendant Colorado Casualty Insurance Co.

5.      Following this accident, Plaintiffs Linda Rosenbloom and Edward Linderman settled their claim with the liability insurance carrier of the tortfeasor. Defendant Colorado Casualty Insurance Co., consented to this settlement.

6.      Plaintiffs' damages greatly exceed the settlement amount which was the policy limits.

7.      Plaintiffs Linda Rosenbloom and Edward Linderman are entitled to recover underinsured benefits from Defendant Colorado Casualty Insurance Co.

8.      Defendant Colorado Casualty Insurance Co., has failed and refused to make a reasonable offer of settlement to Plaintiffs Linda Rosenbloom and Edward Linderman.

## COUNT I

## BREACH OF CONTRACT

9.      Plaintiffs reallege and incorporate by reference paragraphs 1-8 as if set forth fully herein.

10.     Plaintiff Linda Rosenbloom was insured for her damages caused by the accident of October 15, 2010.

11.     Defendant Colorado Casualty Insurance Co., has failed and refused to pay these damages.

12.     Defendant Colorado Casualty Insurance Co., has breached its contractual obligation to pay the damages incurred by its insured Plaintiff Linda Rosenbloom.

13.     As a direct and proximate result of this accident, Plaintiffs Linda Rosenbloom and Edward Linderman have sustained damages, including but not limited to, breach of contract,

past and future medical billings, past and future pain and suffering, loss of enjoyment of life, loss of household services and permanent injuries, attorneys fees and costs.

14. Plaintiffs Linda Rosenbloom and Edward Linderman are entitled to recover their attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiffs pray for judgment against the Defendant Colorado Casualty Insurance Co., for their damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorney's fees, plus such other and further relief as the Court deems just and proper.

## COUNT II

## INSURANCE BAD FAITH

15. Plaintiffs reallege and incorporate by reference paragraphs 1-14 as if set forth fully herein.

16. Plaintiffs Linda Rosenbloom and Edward Linderman are insured under the policy of insurance issued by Defendant Colorado Casualty Insurance Co.

17. Plaintiffs have performed in a timely manner all duties and obligations required of them under the terms of the policy.

18. Plaintiffs have suffered a loss compensable under the terms of the policy when the insured vehicle was involved in an accident.

19. Defendant Colorado Casualty Insurance Co., has the duty to act in good faith and deal fairly with Plaintiffs.

20. Defendant willfully, recklessly and without regard for the rights of Plaintiffs have breached the duty of good faith and fair dealing owed to Plaintiffs in a number of ways, including by knowingly committing the following acts:

      a. Failing to timely or fairly investigate Plaintiffs' claim;

b. Failing to timely or fairly evaluate Plaintiffs' claim;

c. Refusing to pay Plaintiffs' claim, for reasons which were frivolous and unfounded.

21. As a direct and proximate result of the accident and this breach of duty, the Plaintiffs Linda Rosenbloom and Edward Linderman have sustained damages, including but not limited to the amount payable by Defendant under the terms of the insurance policy, as well as mental anguish, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, loss of household services and permanent injuries.

22. Plaintiffs are entitled to recover their attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiffs pray for judgment against Defendant for damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorneys fees, plus such other and further relief as this Court deems just and proper.

**COUNT III**

**VIOLATION OF UNFAIR INSURANCE PRACTICES ACT**

23. Plaintiffs reallege and incorporate by reference paragraphs 1-22 as if set forth fully herein.

24. At all times material, there was in the State of New Mexico a statute, NMSA 1978, §59A-16-20, (1997) (hereinafter the "Unfair Insurance Practices Act"), defining and prohibiting certain unfair and deceptive insurance practices.

25. The actions of the Defendant Colorado Casualty Insurance Co., and employees as set forth above constitute unfair insurance trade practices prohibited by NMSA 1978, §59A-16-1 through §59A-16-30.

26. Defendant Colorado Casualty Insurance Co., breached the Unfair Insurance Practices Act by knowingly committing the following acts:

 a. Failed to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under policies;

 b. Failed to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

 c. Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insureds' claims in which liability has become reasonably clear;

 d. Compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered; and

 e. Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

27. As a direct and proximate result of Defendant's breach, Plaintiffs Linda Rosenbloom and Edward Linderman have sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, loss of household services and permanent injuries.

28. Plaintiffs are entitled to recover their attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiffs prays for judgment against the Defendant for their damages in a sum to be determined at trial of this cause, for pre-judgment and post-judgment interest, attorneys fees, plus such other and further relief as this Court deems just and proper.

**COUNT IV**

**UNFAIR TRADE PRACTICES**

29. Plaintiffs reallege and incorporate by reference paragraphs 1-28 as if set forth fully herein.

30. Defendant Colorado Casualty Insurance Co., represented to Plaintiffs that it would provide underinsured motorist coverage in a reasonable, fair and timely manner.

31. Such representation is included in Defendant Colorado Casualty Insurance Co.,'s advertising and offer of the sale of insurance to the people of the State of New Mexico.

32. Such representation is false and misleading and made willfully and knowingly, with the knowledge that the Defendant Colorado Casualty Insurance Co., would not reasonably, fairly and timely attempt to resolve Plaintiffs' underinsured motorist claim, in violation of NMSA 1978 § 57-12-2.

33. As a direct and proximate result of Defendant's breach, Plaintiffs Linda Rosenbloom and Edward Linderman have sustained damages, including but not limited to, past and future medical billings, past and future pain and suffering, loss of enjoyment of life, loss of household services and permanent injuries.

34. Plaintiffs are entitled to recover their attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for their damages set forth above, including punitive damages, plus such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ANGEL LOMELI SAENZ, P.A.

Angel L. Saenz
333 S. Campo
Las Cruces, NM 88001
(505)526-3333



CORPORATION SERVICE COMPANY®

**NJP / ALL**
**Transmittal Number: 12977377**
**Date Processed: 09/23/2014**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Claims Manager<br>Colorado Casualty Insurance Company<br>5975 South Quebec Street<br>Suite 300<br>Centennial, CO 80111 |

| | |
|---|---|
| **Entity:** | Colorado Casualty Insurance Company<br>Entity ID Number 2537995 |
| **Entity Served:** | Colorado Casualty Insurance Co. |
| **Title of Action:** | Linda K. Rosenbloom vs. Colorado Casualty Insurance Co. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Dona Ana County Third Judicial District Court, New Mexico |
| **Case/Reference No:** | D-307-CV-2014-1536 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 09/22/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NM Office of Superintendent of Insurance on 9/18/2014 |
| **How Served:** | Certified Mail |
| Sender Information: | Angel L. Saenz<br>505-526-3333 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INSURANCE**
John G. Franchini – (505) 827-4299

**ACTING DEPUTY SUPERINTENDENT**
Alan Seeley – (505) 827-4307

**Service of Process**
Room 434
(505) 827-1291

September 18, 2014

Colorado Casualty Insurance Co.
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM 87501

Re: Linda Rosenbloom & Edward Linderman Vs Colorado Casualty Insurance Company
CV2014-1536

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, Complaint for Damages and for Breach of Contract, Insurance Bad Faith, Unfair Trade Practices and Punitive Damages, Court-Annexed Arbitration Certification, and an Order Requiring Scheduling Reports and a Discovery Plan, Expert Witness Disclosure and Limiting Stipulations to Enlarge Time for Responsive Pleadings, in the state of New Mexico on the above styled cause. Service has been accepted on your behalf as of September 18, 2014.

Respectfully,

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL 7012 3460 0000 1403 6746

Office of Superintendent of Ins.
Service of Process
P. O. Box 1689
Santa Fe, NM 87504-1689
7012 3460 0000 1403 6746

UNITED STATES POSTAGE
PITNEY BOWES
02 1R $ 07.61⁰
0002006581 SEP 19 2014
MAILED FROM ZIP CODE 87501

Colorado Casualty Insurance Co.
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM 87501

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
7/21/2014 9:55:15 AM
DISTRICT COURT CLERK
Veronica Carrasco

**THIRD JUDICIAL DISTRICT**
**COUNTY OF DONA ANA**
**STATE OF NEW MEXICO**

**LINDA K. ROSENBLOOM and**
**EDWARD LINDERMAN**

**Plaintiffss,** D-307-CV-2014-01536

**v.**

**COLORADO CASUALTY INSURANCE CO.**

**Defendant.**

**COURT ANNEXED ARBITRATION CERTIFICATION**

Plaintiffs, by and through their undersigned counsel, pursuant to Third Judicial District Local Rule LR3-706B, certify as follows:

[ ] This party seeks only a money judgment and the amount sought does not exceed twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorneys fees.

[xx] The party seeks relief other than a money judgment and/or seeks relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of interest, costs and attorney's fees.

Respectfully submitted,

**ANGEL LOMELI SAENZ, P.A.**

Angel L. Saenz
Attorney for Plaintiff
333 S. Campo St.
Las Cruces, NM 88001
(575) 526-3333

**CERTIFICATE OF SERVICE**

I certify on this 21st day of July, 2014 that a true and correct copy of the foregoing document will be served with the Complaint and Summons to opposing parties.

Angel L. Saenz

3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
7/22/2014 3:53:35 PM
DISTRICT COURT CLERK
Veronica Carrasco

**STATE OF NEW MEXICO**
**COUNTY OF DONA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**LINDA ROSENBLOOM and EDWARD LINDERMAN,**
**Plaintiff,**

vs

**D-307-CV-2014-01536**
**Judge Darren M. Kugler**

**COLORADO CASUALTY INSURANCE CO.,**
**Defendant.**

## ORDER REQUIRING SCHEDULING REPORTS and a DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, and LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

**IT IS SO ORDERED:**

**A.** Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

**B.** Within sixty (60) days after the complaint is filed, parties of record shall file a Scheduling Report (LRJ-502) with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C *(see Appendix to the Local Rules for all forms)*, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA.

C. Any party who enters the case more than sixty (60) days after the filing of the initial pleading shall file a Scheduling Report within ten (10) days and deliver a copy to the assigned judge.

D. If all parties are not of record within sixty (60) days after the filing date of the initial pleading, each party making a claim against one or more absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the 60th day, file with the court, serve parties of record and deliver a copy to the assigned judge, a written explanation following LR3-Form 2.14 NMRA, "Delay in Putting the Case at Issue".

E. Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel.. The enlargement requested shall be for a specified time.

F. When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G. If appropriate, the court will refer this matter to settlement facilitation under Part VII of the Local Rules of the Third Judicial District Court.

H. For cases subject to arbitration under Local Rule LRJ-706 NMRA, the parties may file a written stipulation to waive facilitation with a copy to the ADR coordinator and the assigned judge within sixty (60) days after the initial complaint has been filed or ten (10) days after all parties are joined ifLR3-Form 2.14 NMRA has been filed. If the parties cannot stipulate, the party seeking waiver of facilitation may file a motion for relief from facilitation.

I. Within seventy-five (75) days from the date the complaint was filed, or fifteen (15) days after the case is at issue ifLR3-Form 2.14 NMRA has been filed, the parties shall either:

(1) stipulate to a discovery plan and file the stipulation with the court, or

(2) request a hearing to establish a discovery plan pursuant to Paragraph B of Rule 1-016 NMRA.

(3) In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

Within one hundred (100) days after the complaint was filed or fifteen (15) days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

    a. The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

    b. A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

    c. A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

    d. For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

    e. If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the

       memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NMRA shall apply.

J. Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph J ofthis Order.

K. Intent to Call Expert Witness - Disclosure. No later than sixty (60) days after filing their respective complaint or responsive pleading, all parties shall exchange a "Notice of Intent to Call Expert Witness(es)". The parties shall list the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify on. All parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of section 8 (A-E) of the 06/03/2013 attachment to the scheduling order filed, with respect to each expert listed.

Hon. Darren M. Kugler, District Court Judge

Delivered to Plaintiff on: July 22, 2014.

Clerk of the Court

Veronica Carrasco, Deputy

DISTRICT COURT
D.C. SEAL
DOÑA ANA COUNTY

Office of Superintendent of Ins.
Service of Process
P. O. Box 1689
Santa Fe, NM 87504-1689
7012 3460 0000 1403 6746

UNITED STATES POSTAGE
PITNEY BOWES
02 1R
$ 07.61⁰
0002006581
SEP 19 2014
MAILED FROM ZIP CODE 87501

Colorado Casualty Insurance Co.
C/O Corporation Service Company
123 E. Marcy St. Ste. 101
Santa Fe, NM 87501